CHARLES TUNNEL and WILLIAM A. SHORT vs. EBENEZER PETTIJOHN.

To charge a person as a common carrier, it must be shown that the usage of his business includes the goods carried, or that there was a special contract to carry them.

In case of a change of goods from one carrier to another, when is the delivery complete. *Quere.*

Capias Case.

The plaintiff declared on an undertaking by the defendant to carry for hire and deliver to him certain goods, &c., to wit: one hogshead of molasses of the value of fifty dollars, which said hogshead of molasses was not delivered according to his said undertaking, but for want of proper care and attention was lost and destroyed. Plea, not guilty.

The proof established that defendant was in the habit of hauling for hire, goods landed at Milton, belonging to merchants in Georgetown; but one of these merchants testified, that the defendant had refused to carry molasses for him on account of its bulk and weight, and that he had never known him to carry molasses. The hogshead in question was brought from Philadelphia, for Tunnel and Short, by captain Parker, and delivered on the wharf at Milton; when, defendant's cart being there, it was placed by Parker's hands and defendant's servant in his cart. While placing it, the hogshead rolled and fell from the cart, and the contents were spilled upon the ground and lost.

*Layton* for defendant, moved a nonsuit—

1st. Because it was not proved that the defendant was a common carrier, at least of this kind of goods, nor was there any special undertaking, as the act of the servant in assisting to place the hogshead in the cart, being out of his usual course of employment, would not bind the master; and

2d. That there was no proof of a delivery to the defendant. His liability would not commence until there was a complete delivery to him, and the article was here lost and destroyed whilst in the act of delivery.

*The Court* said, to enable the plaintiff to recover, he must prove either a special contract and undertaking by the defendant to carry this hogshead of molasses, or a general usage; that is, that the defendant was a common carrier of goods, including goods of this description. A general usage to carry goods other than molasses is proved in this case; but so far as there is proof of usage, it is against the idea of the defendant's general undertaking to carry molasses. And there seems to be good reason for distinguishing between this

and other kinds of goods, on account of its bulk and weight, and it also appears that the defendant's cart is too small for such freight.

The other is a more difficult question, as to when the defendant's liability commenced, supposing him to be liable. Was the delivery to him complete, by showing him the hogshead on the wharf, or was the captain of the vessel bound to place it in the cart. But the point is unnecessary, as we are of opinion that the defendant is not liable, under the proof in the case, on the other ground.

Nonsuit ordered.

*Wootten* for plaintiff.
*Layton* for defendant.